# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
      **Plaintiff,**

*vs*.                                    **CRIMINAL ACTION NO. 1:11CR48**

**RUDOLPH TODD HALADYNA,**
      **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On the 1ST day of August 2011, Defendant Rudolph Haladyna ("Defendant"), through lead counsel Brian J. Salisbury and local counsel Brian J. Kornbrath filed a "Pretrial Motion to Exclude Evidence under the Fourth Amendment of the U.S. Constitution" [Docket Entry 27]. The United States responded to the motion on August 9, 2011[Docket Entry 28]. All pretrial motions were referred to the undersigned United States Magistrate Judge by Order dated May 6, 2011.

On September 6, 2011, came the Defendant in person, and by counsel Brian Salisbury and Brian Kornbrath, and also came the United States by its Assistant United States Attorneys, Robert H. McWilliams and Shawn Morgan, for hearing on Defendants' motion and the United States' response thereto.

### A.   Procedural History

Defendant was indicted by a grand jury attending the United States District Court for the Northern District of West Virginia on May 3, 2011. The three-count indictment charges Defendant with Conspiracy to Commit Bank Robberies (Count One); Bank Robbery (Count Two); and Possession of a Firearm during a Crime of Violence (Count Three). The indictment also contains a forfeiture count.

An arrest warrant was issued and Defendant was arraigned and pled "not guilty" on May 20, 2011.

B.  **Testimony and Exhibits**

The Court heard the testimony of Pennsylvania State Trooper Thomas William Hartley III, who during Fall 2010, was assigned to the Criminal Investigation Unit. He was involved in the investigation of at least three bank robberies in Pennsylvania. A witness to one of the robberies identified Defendant in a line-up, and also gave the police a partial license plate number. As a result, the investigation became fully focused on Defendant. All three bank robberies were committed with a firearm.

On December 8, 2010, a bench warrant was issued for Defendant's arrest for outstanding motor vehicle violations. [Government Exhibit 1]. The Court admitted Government Exhibit 1without objection.

Tpr. Hartley testified that a court-ordered "tracker" was placed on the vehicle in question, and physical surveillance was also performed for a period of time leading up to December 10, 2010.

On December 10, 2010, officers were notified by the tracker that the vehicle was in motion. They followed the vehicle to a WalMart. Defendant and a female companion went inside. They came back out and drove the vehicle on I-70 West toward West Virginia. They exited the interstate at the Elm Grove exit and drove toward a plaza containing a bank. A marked police cruiser was parked at the bank. Defendant left the plaza within one or two minutes. It was the second time Defendant had been surveilled at that plaza.

On December 10, 2010, a search warrant was issued for a 1999 white Chrysler Sebring, a vehicle that Defendant was known to drive.

Tpr. Hartley testified that, due to the use of firearms in the bank robberies, a decision was made on December 10, 2010, to take Defendant into custody. On that date, after Defendant had already been observed in the parking lots of two banks, he traveled northbound on I-79. Officers

2

were following, and a decision was made sometime during their surveillance to take Defendant into custody. Two uniformed Pennsylvania State Troopers made a stop on Defendant's vehicle at around mile marker 30. Tpr. Hartley testified the stop was made based on the bench warrant. Although Tpr. Hartley was not present at the arrest, State Police procedure would consist of Defendant's being asked to exit the vehicle, and then handcuffed, and searched. One officer performed the search and gave the evidence to the second officer. That officer in turn gave the evidence to Tpr. Hartley.

Upon cross examination, Tpr. Hartley testified that the Pennsylvania and West Virginia State Police had seen Defendant on December 10, 2010, at several bank parking lots in the Morgantown, West Virginia area before performing the vehicle stop. The Pennsylvania State Police then followed Defendant into Pennsylvania. They were surveilling Defendant to see what he would do. He exited at the Mt. Morris exit where he looked at a bank. He then returned to I-79. The State Police officers followed Defendant approximately 30 miles north on the interstate before stopping him. Tpr. Hartley testified that at the time of the stop the officers were aware of the active bench warrant. He had no knowledge that Defendant had violated any motor vehicle laws at the time he was stopped. Tpr. Hartley testified Defendant was stopped due to the bench warrant, not because of any traffic violations committed at the time.

No further evidence or testimony was received from the United States and none was presented by Defendant.

**C.    Contentions of the Parties**

Defendant contends:

1.    The officers did not have probable cause to stop Defendant's vehicle.

2.    The officers did not know at the time of the stop that there was an active bench warrant issued only two days earlier.

3

3. The Government has failed to meet either prong of the search incident to arrest exception to the search warrant requirement.

The United States contends:

1. Defendant's vehicle was stopped pursuant to a valid bench warrant for Defendant's arrest.

2. Defendant's vehicle was searched pursuant to a validly issued search warrant.

**D. Discussion**

Defendant argues that the Pennsylvania State Troopers did not have probable cause at the time of the initial traffic stop to believe Defendant had violated any Motor Vehicle Code sections, and that it was only after the stop that it was determined Defendant had an active warrant for his arrest.

The United States concedes that it has no knowledge that Defendant committed a motor vehicle violation at the time of the stop. It argues, however, that the stop was made pursuant to the bench warrant issued two days earlier.

Defendant contends the officers who stopped him did not have knowledge of the bench warrant at the time of the stop. Defendant argues that he was driving in Pennsylvania for approximately 30 miles before the police decided to stop him. Further, police had been surveilling him since he was in West Virginia, and could have stopped him as soon as he crossed the State line. If there was evidence of a crime in the vehicle, it would have been there at that time.

Defendant does not challenge the validity of either the bench warrant or the search warrant.

Based on the evidence admitted and the testimony of Tpr. Hartley, which is found to be credible, the undersigned finds the stop of the vehicle, and the arrest and search of Defendant all

4

resulted from the active bench warrant issued two days prior to the arrest. The resulting search of the vehicle was also proper based on a search warrant for the vehicle issued on December 10, 2010.

## **RECOMMENDATION**

For the reasons herein stated, it is **RECOMMENDED** that Defendant's Motion to Exclude Evidence [Docket Entry 27] be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 6th day of September 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

5