IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 1:11CR48
                                                (STAMP)
RUDOLPH TODD HALADYNA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The defendant in the above-styled criminal action, Rudolph Todd Haladyna, is the only defendant in a three-count indictment charging him with conspiracy to commit bank robberies, bank robbery, and possession of a firearm during a crime of violence in violation of 18 U.S.C. §§ 2113, and 924(c)(1)(A)(ii). The indictment also includes a forfeiture allegation. On August 1, 2011, the defendant filed a pretrial motion to exclude evidence under the Fourth Amendment. The United States filed a timely response to this motion. The parties appeared at the Clarksburg point of holding court on September 6, 2011 for a hearing on the defendant's motion to exclude evidence. At this hearing, the court heard the testimony of Pennsylvania State Trooper Thomas William Hartley III, who was involved in the investigation of at least three bank robberies in Pennsylvania.

United States Magistrate Judge John S. Kaull issued a report and recommendation on September 6, 2011, recommending that the

defendant's motion to exclude evidence be denied. The magistrate judge concluded that the stop of the defendant's vehicle, as well as the arrest and search of the defendant, all resulted from the active bench warrant issued two days prior to the arrest. The magistrate judge also found that the resulting search of the vehicle was proper based on a search warrant for the vehicle issued on December 10, 2010. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they may file written objections within fourteen days of being served with a copy of the report and recommendation. Neither party filed objections. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will affirm and adopt the magistrate judge's report and recommendation in its entirety, and deny the defendant's motion to exclude evidence.

## II. Facts

On December 8, 2010, a bench warrant was issued for the defendant's arrest for outstanding motor vehicle violations. A court-ordered "tracker" was placed on the defendant's vehicle, and physical surveillance of the vehicle was performed for a period of time leading up to December 10, 2010. On December 10, 2010, a search warrant was issued for a 1999 white Chrysler Sebring, a vehicle that the defendant was known to drive. During their surveillance of the defendant on December 10, 2010, police officers decided to take the defendant into custody, and two uniformed Pennsylvania State Troopers stopped a white 1999 Chrysler Sebring

driven by the defendant.[1] During this traffic stop, the police searched the defendant's vehicle pursuant to the search warrant issued by a judge in the 27th Judicial District in Washington County, Pennsylvania. At the time of the search, the defendant was a suspect in five bank robberies.

III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed, this Court reviews the magistrate judge's report and recommendation for clear error.

IV. Discussion

In his motion to exclude evidence, the defendant argues that the officers did not have probable cause to stop his vehicle. Further, the defendant contends that at the time of the stop, the officers did not know that there was an active bench warrant issued only two days earlier. Finally, the defendant asserts that the

---

[1] According to the affidavit of probable cause, a bank in Morgantown, West Virginia was robbed on November 23, 2010 and video footage revealed that the getaway vehicle could have been a white 1999 Chrysler Sebring, the same make and model of car owned by the defendant's mother. The affidavit of probable cause also sets forth that when the defendant's father was interviewed, he stated that the defendant had access to his mother's vehicle.

3

government failed to meet either prong of the search incident to arrest exception to the search warrant requirement. In response, the United States argues that the defendant's vehicle was stopped pursuant to a valid bench warrant for the defendant's arrest, and that the defendant's vehicle was searched pursuant to a validly issued search warrant.

Based on the evidence admitted and the testimony of Trooper Hartley, the magistrate judge concluded that the stop of the defendant's vehicle, and the arrest and search of the defendant all resulted from the active bench warrant issued two days prior to the arrest. Moreover, the magistrate judge found that the resulting search of the vehicle was also proper based on a search warrant for the vehicle issued on December 10, 2010. This Court agrees. Notably, the defendant does not challenge the validity of either the bench warrant or the search warrant. The fact that the officers had no knowledge of a motor vehicle violation committed by the defendant is irrelevant as the stop was made pursuant to the bench warrant. This Court finds no clear error in the magistrate judge's finding that the motion to exclude evidence must be denied.

## V. Conclusion

For the reasons stated above, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to exclude evidence is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:     September 21, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE