# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                Criminal Case No: 1:11cr48

RUDOLPH TODD HALADYNA,
        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING
## PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Rudolph Todd Haladyna, in person and by counsel, Brian J. Kornbrath and Brian Salisbury, appeared before me on May 4, 2012. The Government appeared by Brandon Flower, Assistant United States Attorneys.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant would enter a plea of "Guilty" to Count Two of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. Upon inquiry, the AUSA advised there were no other plea agreements offered to Defendant. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court thereafter inquired Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an

Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Rudolph Todd Haladyna, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned then reviewed the charges with Defendant, including the elements the United States would have to prove at trial, charging him with bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d).

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on April 27, 2012, and

determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of plea of guilty to Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the Indictment in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood that the maximum statutory sentence he would be subjected to if convicted of the offenses charged in the Indictment was imprisonment for a term of not more than 5 years on Count One, 25 years on Count Two, and Life on Count Three, and fines of not more than $750,000.00, and a special mandatory assessment of $100.00 for each felony conviction.

Defendant also understood, however, that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count Two, that being imprisonment for a period of 20

years, no fine, with restitution and supervised release to be determined by the court, and a special assessment of $100.00.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in his written plea agreement as follows:

Ct: Did you and your lawyers discuss that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of the oral pronouncement of the sentence against you?

Def: Yes.

Ct: Did you also discuss with your attorneys that you may be able to file a writ of habeas corpus-type motion under 28 United States Code Section 2255, collaterally attacking or challenging the sentence and how that sentence is begin imposed?

Def: Yes, sir.

Ct: If you'll look to paragraph 13 of your written plea agreement, if the District Judge accepts your written plea agreement and the binding nature of that plea agreement, and imposes a sentence of 20 years of incarceration with supervision to be decided by the District Judge between 2 and 5 years, and a fine of not more than $250,000.00, and determines the amount of restitution based on another paragraph in your plea agreement, do you understand that you then give up your right to appeal that 20 year sentence?

Def: Yes.

Ct: You give up your right to collaterally challenge that sentence using a writ of habeas corpus-type motion?

Def:    Yes, sir.

Ct:     And did you do that freely and voluntarily by signing the agreement on April 27, 2012?

Def:    Yes.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up pursuant to the condition that the court accepts the agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether he accepted his plea agreement; and if he did not follow or refused to accept the sentencing provisions set forth in the agreement, he would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence within the statutory maximum earlier addressed.

The parties also understood that the Western District of Pennsylvania, the Fayette County, Pennsylvania District Attorney, the Washington County, Pennsylvania District Attorney, the Hancock County, West Virginia Prosecutor and the Monongalia County, West Virginia Prosecutor, had authorized the United States to state they would not prosecute Defendant for any bank robberies or weapons offenses he admits to having committed in those jurisdictions. Defendant understood, however, that the District Court nor any of the Judges of this District had anything to do with the discussions and negotiations with the authorities from the other jurisdictions, and the representations in paragraph 6a are not the

representations of the judges of the United States District Court for the Northern District of West Virginia. Those judges have no control over any of the jurisdictions named in paragraph 6a.

Thereupon, Defendant, Rudolph Todd Haladyna, with the consent of his counsel, Brian J. Kornbrath and Brian Salisbury, proceeded to enter a plea of **GUILTY** to Count Two of the Indictment.

The Court then received the sworn testimony of West Virginia State Police Private First Class R.M. Gaskins, who testified he was involved in the investigation of a bank robbery which occurred at the Cheat Lake Branch of the Huntington Bank on November 23, 2010. The bank branch is located in Monongalia County, within the Northern District of West Virginia. He became aware of the robbery when contacted by Monongalia County 911 dispatch. He went to the scene and obtained video surveillance and statements from witnesses. These indicated a male subject wearing a mask and toboggan entered the bank through a rear door. He wore a latex glove on his right hand, in which he was holding what was described as a semi-automatic pistol. He ordered everyone to get down on the ground and demanded money from a teller. He also ordered no dye packs be included with the money. The bank advised that the teller turned over $6,609.00 to the robber. The bank is FDIC-insured.

The subject stuffed the money down his shirt, exited the bank the way he entered, and got into a white Chrysler Sebring, driving toward Point Marion Road. Trooper Gaskins then checked surveillance videos from local businesses, observing a white Chrysler Sebring with a black driver's door handle and white passenger door handle, sunroof, and front-end damage at a local business. The vehicle fit the description given by the witnesses. Trooper Gaskins determined the vehicle was headed toward Pennsylvania and contacted the Pennsylvania State Police.

The Pennsylvania State Police connected the vehicle to one registered to Defendant's parents. The police got a visual of the vehicle and performed a traffic stop outside Washington, PA. Upon

searching Defendant, they located a single rubber glove in his back pocket. They also found a black BB gun in the vehicle.

Defendant then stated he heard, understood, and agreed with Trooper Gaskins' testimony. From the testimony of Trooper Gaskins, the undersigned Magistrate Judge concludes the offense charged in Count Two of the Indictment is supported by an independent basis in fact concerning each of the essential elements of that offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant understood the statutory maximum sentence, and also understood his plea agreement and the binding nature of his plea agreement; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Gaskins, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The AUSA appearing was unable to advise the Court that the victim bank had been notified of this proceedings. The Court therefore directed the AUSA to email the Court with a copy to Defendant's

counsel, whether or not the victim had been so notified. If the victim had not been notified, the AUSA was directed to notify the bank and obtain a written, signed notice. Subsequent to the plea hearing the Court received electronic notification from the United States Attorney's office that the bank did not receive notice of the plea agreement and plea hearing prior to the change of plea hearing, but that since then the bank has been given notice and will be given such notice as may be required of all future proceedings in the case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 8th day of May, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE